

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

SEP 1 3 2011

CLERK, U.S. DISTRICT COURT
by_____
                    Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

MONICA LAVELLE ROBINSON,        §
                                §
        Petitioner,             §
                                §
v.                              §        No. 4:11-CV-634-A
                                §
RICK THALER, Director,          §
Texas Department of Criminal    §
Justice, Correctional           §
Institutions Division,          §
                                §
        Respondent.             §

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Monica Lavelle Robinson, a state prisoner currently incarcerated in Gatesville, Texas, against Rick Thaler, Director of the Texas Department of Criminal Justice, Correctional Institutions Division, respondent. After having considered the pleadings and relief sought by petitioner, the court has concluded that the petition should be summarily dismissed as successive. No service has issued upon respondent.

I.   FACTUAL AND PROCEDURAL HISTORY

Petitioner is serving a life sentence for her 2002 murder conviction in Tarrant County, Texas. (Pet. at 2) Petitioner filed a prior federal habeas petition challenging the same

conviction, which was dismissed as barred by limitations. *See*

*Robinson v. Quarterman*, No. 4:08-CV-593-A. The court takes

judicial notice of the pleadings and state court records filed in

petitioner's prior federal petition.

## II. SUCCESSIVE PETITION

Rule 4 of the Rules Governing Section 2254 Cases in the United

States District Courts and 28 U.S.C. § 2243 both authorize a habeas

corpus petition to be summarily dismissed.[1] The Court of Appeals

for the Fifth Circuit recognized the district courts' authority

under Rule 4 to examine and dismiss frivolous habeas petitions

---

[1]Section 2243, governing applications for writ of habeas corpus,
provides:

> A court, justice or judge entertaining an application for a
> writ of habeas corpus shall forthwith award the writ or issue an
> order directing the respondent to show cause why the writ should
> not be granted, *unless it appears from the application that the
> applicant or person is not entitled thereto.*

28 U.S.C. § 2243 (emphasis added).

> Rule 4 of the Rules Governing Section 2254 Cases provides:
> The original petition shall be promptly presented to a judge
> of the district court in accordance with the procedure of the
> court for the assignment of its business. The petition shall be
> examined promptly by the judge to whom it is assigned. *If it
> plainly appears from the face of the petition and any exhibits
> annexed to it that the petitioner is not entitled to relief in the
> district court, the judge shall make an order for its summary
> dismissal and cause the petitioner to be notified.*

Rules Governing Section 2254 Cases, Rule 4 (emphasis added).

prior to any answer or other pleading by the state. *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999). From the face of the instant petition and court records of which this court can take judicial notice, it is apparent that this is a successive petition. *See* 28 U.S.C. § 2244(b)(1)-(3).

Title 28 U.S.C. § 2244(b) requires dismissal of a second or successive petition filed by a state prisoner under § 2254 unless specified conditions are met. 28 U.S.C. § 2244(b)(1)-(2). A petition is successive when it raises a claim or claims challenging the petitioner's conviction or sentence that were or could have been raised in an earlier petition or otherwise constitutes an abuse of the writ. *See Crone v. Cockrell*, 324 F.3d 833, 837 (5th Cir. 2003); *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). The fact that an earlier petition was dismissed with prejudice on limitations grounds does not remove the subsequent petition from the second-successive requirements of § 2244(b). *See Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999); *Anders v. Cockrell*, No. 03:02-CV-2513-N, 2003 WL 102615, at *2 (N.D. Tex. Jan. 8, 2003) (not designated for publication).

Petitioner raises four grounds in the instant petition. (Pet. at 7-8E) Because petitioner did or could have raised the claims in her prior federal petition, this petition is successive on its

3

face.   Before a petitioner may file a successive § 2254 petition,

she must obtain authorization from the appropriate court of

appeals.   28 U.S.C. § 2244(b)(3)(A).  Petitioner has neither alleged

nor demonstrated that she has obtained leave to file this petition

from the Fifth Circuit Court of Appeals.   Thus, this court is

without jurisdiction to consider the petition.   *In re Epps*, 127

F.3d 364, 365 (5th Cir. 1997); *United States v. Orozco-Ramirez*, 211

F.3d 862, 867 (5th Cir. 2000).

For the reasons discussed herein,

The court ORDERS the petition of petitioner for a writ of

habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby,

dismissed.

Pursuant to Rule 22(b) of the Federal Rules of Appellate

Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in

the United States District Court, and 28 U.S.C. § 2253(c), for the

reasons discussed herein, the court further ORDERS that a

certificate of appealability be, and is hereby, denied, as

petitioner has not made a substantial showing of the denial of a

constitutional right.

SIGNED September ___13___, 2011.

_____
JOHN McBRYDE
UNITED STATES DISTRICT JUDGE

4